UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re:  MIRAPEX PRODUCTS LIABILITY LITIGATION | **MDL No. 07-1836-MJD-FLN** |
| *This document relates to:* | **Civil No.: 10-cv-1132-MJD-FLN** |
| BRIAN RIDENOUR, | |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE FRANKLIN L. NOEL'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., a Delaware corporation; PFIZER INC., a Delaware corporation; PHARMACIA CORPORATION, a Delaware corporation; and PHARMACIA & UPJOHN COMPANY LLC, | |
| Defendants. | |

---

## I.    INTRODUCTION

Magistrate Judge Noel's Report and Recommendation ("R & R") granting

summary judgment in this Mirapex case comes to the correct result—namely, that

Plaintiff's Mirapex-related claims accrued no later than October 2007 and that his March

2010 lawsuit is thus barred by Nevada's two-year statute of limitations.  Plaintiff now

objects to the Report and makes essentially two arguments: first, that there are disputed

material facts on when his claims accrued; and second, that longer limitations periods

apply to numerous of his claims.  Judge Noel was right and Plaintiff is wrong for the following reasons.

**First**, the undisputed facts demonstrate that Plaintiff was on notice of his Mirapex-related claims no later than October 2007, when he saw a television advertisement describing his symptoms—compulsive gambling and compulsive sexual behavior—as potential side effects of Mirapex and *told his doctor* that Mirapex was causing his behavior.  Notice inquiry is all that is required for claims accrual under Nevada law, and the prevailing standard is an objective standard, relying on what the plaintiff knew or reasonably should have discovered.  *Siragusa v. Brown,* 971 P.2d 801, 812 (Nev. 1999).  Plaintiff's assertion that he needed to know of a "conclusive relationship" between the medication and his symptoms is a gross misstatement of Nevada law.  That standard does not appear in the cited authority, nor in any other Nevada case, which Defendants and Judge Noel pointed out to Plaintiff in the earlier proceedings.  Plaintiff's counsel even acknowledged the error.  *(Dkt. 110 at 25:15-26:2)*  Why Plaintiff has rested his Objection in this Court on that non-existent standard is a mystery.

**Second,** Judge Noel's ruling that Plaintiff's claims are subject to a two-year statute of limitations is supported by ample authority.  For the first time, Plaintiff emphasizes that his warranty, negligence per se, and statutory consumer claims are subject to longer limitations periods.  But having never raised that argument with the Magistrate Judge, Plaintiff cannot raise it here, even if it had arguable merit, which it does not.  The *only* claim on which Plaintiff urged a longer statute was strict liability, and Judge Noel correctly found that a two-year statute applies to that claim.

Judge Noel's decision reflects a correct application of the law to the undisputed facts. Defendants therefore request that this Court adopt Judge Noel's Report and Recommendation as the order of the Court.

## II.   ARGUMENT

### A.   Plaintiff's Action Accrued No Later Than October 2007; His Objection Is Based On Incorrect Law And Assertions Unsupported By Evidence

Under Nevada law, "The statute of limitations begins to run when the patient has before him *facts which would put a reasonable person on inquiry notice* of his possible cause of action, . . . *The focus is on the patient's knowledge of or access to facts rather than on her discovery of legal theories.*" *Ventimimiglia v. Saylor,* Nos. A496772, A513960, A521237, 2007 WL 7238336 (Nev. Dist. Ct. July 3, 2007) (quoting *Massey v. Litton,* 669 P.2d 248, 251 (Nev. 1983)). The discovery rule tolls the statutory period, but only "until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Petersen v. Bruen,* 792 P.2d 18, 20 (Nev. 1990). Moreover, "Plaintiffs may not close their eyes to means of information reasonably accessible to them and must in good faith apply their attention to those particulars within their reach." *Siragusa,* 971 P.2d at 807 (citations omitted).

Here, the undisputed facts show that Plaintiff was on inquiry notice and that his claims accrued no later than October 2007.

● Plaintiff claims that he started experiencing compulsive gambling and compulsive sexual behavior "within weeks" after starting on Mirapex in 2002. *(Pl. Aff., ECF Docket ("Dkt.") 81, Exh. 20 ¶ 7)*

• Plaintiff admitted that he first learned about the possible association between Mirapex and pathological gambling or other impulse control disorders when he saw a "2007 TV ad" disclosing that information and that he first became aware of his alleged psychological or psychiatric injuries when he "saw a TV ad listing [his] behaviors as a side effect of taking Mirapex." *(Dkt. 52, Exh. B, at 15, 18)*

• Plaintiff admitted that he saw his physician Dr. Gramlich for treatment of his alleged compulsive behaviors in October 2007 and that he discussed with Dr. Gramlich whether Mirapex contributed to his condition. *(Id. at 18, 20)*

• Plaintiff went to Dr. Gramlich that day because he believed he was experiencing side effects from Mirapex: "**Reason For Visit** . . . [Patient] is here to f/u on medication Mirapex[;] he states he is having side effect from it." *(Dkt. 33, Exh. 4)*

• Plaintiff told Dr. Gramlich that he was experiencing compulsive behaviors because of Mirapex, and Dr. Gramlich took him off the drug as a result: "Patient in for follow-up. Says he is having side effects from the mirapex. All sorts of compulsive behavior—Not at all clear this is related, but will dc [discontinue] the mirapex for RLS . . . ." *(Id.)*

• Plaintiff stated that his alleged compulsive behavior ceased in 2007 when Dr. Gramlich discontinued the medication. *(Dkt. 52, Exh. B at 14)*

• If Plaintiff had performed any inquiry in 2007—reasonable or otherwise— the inquiry would have confirmed that the prescribing information for Mirapex *included an express precaution regarding Mirapex and compulsive behaviors.* (Dkt. 52, Exh. D

*(November 2004 'Changes Being Effected' Letter), Exh. E (February 2006 Drug Package Insert)).*

These undisputed facts show that Plaintiff, no later than October 2007, had "before him facts which would put a reasonable person on inquiry notice of his possible cause of action[.]" *Massey,* 669 P.2d at 251. Because he filed more than two years later, his claims are time barred.

Attempting to avoid that result, Plaintiff makes two points, neither of which is supported by the law or the facts.

**First,** Plaintiff claims incorrectly that Nevada law requires knowledge of a "conclusive relationship" between an alleged defective product and alleged injury for a claim to accrue. *(Objection at 5)* As noted above, this is a flagrant misstatement of the law. The applicable standard is inquiry notice, and it is irrelevant whether Plaintiff knew of a "conclusive relationship" between Mirapex and compulsive behaviors. *(R & R at 6, n. 2)*

**Second**, Plaintiff argues there are material disputes of fact because his doctor "dismissed" any link between Mirapex and compulsive behaviors and because he did not actually know that he had a potential claim until he saw another television advertisement in November 2009. *(Objection at 4-5)* The evidence does not support any part of this scenario. Dr. Gramlich did not deny that a potential link between Mirapex and compulsive behaviors could exist. In fact, he testified that "I don't think I knew at that time whether it was related or not. But taking him [Mr. Ridenour] at his word, it seemed reasonable to discontinue the medication and switch him to something different." *(Dkt.*

*84, Exh. 8, at 32:6-10)* Dr. Gramlich further noted that Plaintiff "seemed very concerned about it.  For that reason, I was concerned about it.  And that's when we decided to discontinue the Mirapex and switch him to an alternate medication for restless leg syndrome." *(Id. at 32:13-19)*

Moreover, Dr. Gramlich expressly denied that he would have told Plaintiff that his reported behavior was not related to his use of Mirapex.  *(Id. at 54:2-13:  "Q:  And at that time would you have told him that his compulsive behavior was not related to taking Mirapex?  A:  No. . . . if he thought he was having that side effect from that medication, whether he was or not, I would give the patient the benefit of the doubt and, to the best of my ability switch him to something that perhaps would work as well or better.").*  Thus, rather than "dismiss" Plaintiff's concerns, Dr. Gramlich did the opposite:  He accepted Plaintiff's stated concerns at face value and switched his medications.  In his own Amended Plaintiff's Fact Sheet, Plaintiff admitted under oath that "I expressed my concerns to Dr. Gramlich who switched me over to Requip." *(Dkt. 84, Exh. 9, at 35)*

Plaintiff's assertion that he did not actually know he had a potential claim until he saw another television advertisement in November 2009 is similarly flawed.  Judge Noel found that "[t]here is nothing in the record to suggest that the television advertisement Plaintiff saw in 2009 imparted any additional information regarding the potential side effects of Mirapex than that which he saw in 2007." *(R & R at 7)*  Plaintiff now asserts in his Objection that there was a meaningful difference between the 2007 and 2009 advertisements, but that assertion is unsupported by citation to any evidence. *(Objection at 6)*

Under Nevada's objective standard of inquiry notice, the undisputed facts demonstrated that Plaintiff was on notice and his claims accrued no later than October 2007. Judge Noel correctly so held.

**B.    All Of Plaintiff's Claims Are Subject To Nevada's Two-Year Statutory Period and Are Otherwise Barred**

For the first time, Plaintiff now claims that longer limitations periods apply to his claims for express and implied warranty, negligence per se, and violations of Nevada and Maryland consumer protection statutes. This is not a valid objection.

### 1.    Plaintiff Did Not Raise This Argument Before and Thus Has Waived It

Plaintiff has never before raised this argument—not in his written opposition to summary judgment, nor at the hearing with Judge Noel—and he therefore cannot raise the argument now. The Eighth Circuit has stated "that the 'purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court.'" *Roberts v. Apfel,* 222 F.3d 466, 470 (8th Cir. 2000) (quoting *Reciprocal Exch. v. Noland,* 542 F.2d 462, 464 (8th Cir. 1976)). Put more succinctly, "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996).[1]

---

[1] *See also Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[T]he Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

Here, Judge Noel allowed Plaintiff to amend his complaint, gave Plaintiff more than three months to oppose summary judgment, and heard argument on Defendant's motion for more than one hour.  Despite this ample opportunity, Plaintiff never once claimed a longer statute for any of these claims.  Indeed, Judge Noel asked Defendants during argument whether Plaintiff was challenging the two-year statute for any claim other than strict product liability.  Defendants stated their understanding that Plaintiff was not, and Plaintiff did not state otherwise.  *(Dkt. 110, at 10:11-18, 34:1-18)*  Having remained silent, Plaintiff cannot now raise this issue in this Court.

2.     **Because Plaintiff's Claims Sound In Personal Injury, Nevada's Two-Year Statute Applies To All Of Them In Any Event**

No matter how Plaintiff attempts to characterize his claims, they are claims for personal injury, and Nevada Revised Statute § 11.190(4)(e) provides for a two-year limitations period for "an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another."  Thus, as the District of Nevada held in dismissing a personal injury claim pleaded as breach of warranty, "personal injury actions are subject to the two-year statute of limitations, regardless of whether a plaintiff labels his claim as one sounding in contract or tort."  *See Campos v. New Direction Equip. Co.*, No. 2:08-CV-00286, 2009 WL 114193, at *2 (D. Nev. Jan. 16, 2009); *see also Meadows v. Sheldon Pollack Corp.*, 556 P.2d 546, 546 (Nev. 1976) (affirming dismissal of personal injury claim couched as breach of contract, holding that "the gravamen of [the] cause of action is in tort to recover damages for personal injuries; thus, the two-year limitation of NRS 11.190(4)(e) is applicable."); *Blotzke v. Christmas*

*Tree, Inc.,* 499 P.2d 647 (Nev. 1972) ("The gravamen of this action is in tort to recover damages for personal injuries and is to be so treated in considering the bar of limitations."); *Walz v. Hood,* 487 P.2d 344, 345 (Nev. 1971) (applying NRS 11.190(4)(e) to all claims, even though "the second and third 'claims' allude to duties legally implied from her relationship with respondents[.]").

Plaintiff's post hoc re-characterization of his claims cannot evade Nevada's two-year statute.  All of Plaintiff's claims are based on his allegation that Defendants failed adequately to warn of compulsive behaviors, which allegedly resulted in his side effects. *(First Amended Complaint (Dkt. 79) ¶¶ 9-21)*  In other words, this is a product liability, failure-to-warn case claiming "physical injury, emotional distress, harm, and economic loss" for each and every claim.  *(Id. ¶¶ 47, 51, 57, 62, 66, 74, 87)*  The gravamen of his claim sounds in tort, and Nevada's two-year statute applies.

Plaintiff asserts that his claims "also encompass a trail of deceptive and fraudulent conduct," citing a chart purporting to summarize company documents.  *(Objection at 8)* Plaintiff fails to explain, however, how this summary converts his product liability, failure-to-warn case into something different, especially when the ultimate alleged injury continues to be an alleged psychiatric condition.  Plaintiff also fails to allege that either he or his prescribers saw, or in any way relied on, the alleged misrepresentations in these documents, making them irrelevant to this action.  Moreover, these documents universally relate to an earlier timeframe, with the latest document dated July 2005, more than two years before Plaintiff was on inquiry notice.  Indeed, by October 2007, the Mirapex prescribing information had disclosed a possible association between Mirapex

and compulsive gambling for nearly three years.  *(Dkt. 84 Exh. 10, at 32:1-2; Dkt. 52, Exh. D, Exh. E)*

Plaintiff's late shift to consumer protection and warranty theories is an after-the-fact and disingenuous attempt to re-characterize his cause in response to Judge Noel's sound Recommendation.  Because all of Plaintiff's claims are rooted in personal injury, Nevada's two-year statute applies.

### 3.    Maryland's Consumer Protection Act Is Subject To Nevada's Two-Year Statute and Is Otherwise Time-Barred

Plaintiff's purported claim under the Maryland Consumer Protection Act is time barred as a matter of law for two additional and separate reasons.  First, under Nevada law, statutes of limitations are procedural and governed by Nevada's statute of limitations jurisprudence, regardless of what state's law may govern the substantive rights of the parties.  *Aberding v. Brunzell,* 601 F.2d 474, 476 (9th Cir. 1979); *Seely v. Illinois-California Express, Inc.,* 541 F. Supp. 1307, 1309 (D. Nev. 1982).  Furthermore, under Nevada's borrowing statute, the undisputed fact that Plaintiff resided in Nevada when his claim accrued subjects Plaintiff to Nevada's, not Maryland's statutes of limitations.  Nev. Rev. Stat. 11.020; *Flowers v. Carville,* 310 F.3d 1118, 1123 (9th Cir. 2002); *Hudnall v. Panola County,* 2007 WL 1521446, *3 (D. Nev. May 22, 2007).  Thus, even if Plaintiff can state a claim for violation of Maryland law, Nevada's two-year statute for personal injury applies.

Second, even if the Court were to apply a three-year statute to Plaintiff's Maryland Consumer Protection Act claim, it remains time-barred as a matter of law because his

newly pleaded Maryland claim does not relate back to the filing of his original

Complaint.  Plaintiff's original Complaint, filed on March 8, 2010, alleges neither any

fact which could possibly give rise to a Maryland-based cause of action, nor any claim

that Defendants purportedly violated Maryland law.  To the contrary, Plaintiff alleged

therein that "at all times material herein, Plaintiff . . . resided in, and currently resides in,

Las Vegas, Nevada."  (*Complaint, Dkt. 1*, ¶ 1)  Only in his First Amended Complaint,

filed on March 2, 2011, does Plaintiff offer any factual allegation suggesting that Plaintiff

ever resided in Maryland, was prescribed or used Mirapex in Maryland, suffered any

injury in Maryland, or possessed any cause of action arising under Maryland law.  (*Dkt.*

*79*, ¶¶ 1, 22-26, 31 and 75-87.)

     Because Plaintiff's original Complaint makes no allegation that could possibly

give rise to a claim under the Maryland Consumer Protection Act, that claim in the

Amended Complaint does *not* relate back to the original filing.  Fed. R. Civ. Proc.

15(c)(1)(B) (relation back occurs when "the amendment asserts a claim . . . that arose out

of the conduct, transaction, or occurrence set out—or attempted to be set out—in the

original pleading . . ."); *see also Popp Telecom, Inc. v. American Sharecom, Inc.*, 361

F.3d 482, 490, n. 8 (8th Cir. 2004) ("[t]he . . . amended complaint added over 15 pages of

new facts that were not alleged in the original complaint . . . .  Under these circumstances,

we do not believe the original complaint provided sufficient notice to [defendant] of [the

new] claim"); *Maegdlin v. Int'l Ass'n of Machinists*, 309 F.3d 1051, 1053 (8th Cir. 2002)

(amended complaint alleging retaliation claim did not relate back "because the 'conduct,

transaction, or occurrence set forth or attempted to be set forth' in his original complaint

contains no suggestion of retaliatory conduct . . ."); *McKenzie v. Lunds, Inc.*, 63 F. Supp. 2d 986, 999-1000 (D. Minn. 1999) (Tunheim, J.) (where original complaint failed to place defendant on notice of the factual basis for amended claims, amended complaint held not to relate back).

Accordingly, Plaintiff's Maryland Consumer Protection Act claim commenced on March 2, 2011, when the First Amended Complaint was filed.  Because that occurred more than three years after Plaintiff's claims accrued, in October 2007, that claim remains time barred as a matter of law.

**C.     Nevada's Two-Year Statute of Limitations Applies To Strict Product Liability Claims**

Plaintiff did assert before Judge Noel that a four-year statute governs his strict liability claim.  But Judge Noel correctly rejected that argument and applied Nevada's two-year personal injury statute.

Nevada Revised Statute § 11.190(4)(e) provides for a two-year limitations period for "an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another."  As Judge Noel concluded, Plaintiff's complaint falls squarely within this provision.  *(R & R at 7)*  Plaintiff relies on *Fisher v. Professional Compounding Centers of America, Inc.,* 311, F. Supp. 2d 1008 (D. Nev. 2004), to argue that Nevada's catch-all four-year limitations period should apply to his strict liability claims.  But as Judge Noel also found, Plaintiff's reliance on *Fisher* is misplaced, as that case lacks any analysis of, or legal support from, Nevada case law.  *Id.* at 1017-18.

This is not just the view of Defendants and Judge Noel, but also of the judicial district that decided *Fisher*. In *Campos,* 2009 WL 114193 (D. Nev. Jan. 16, 2009), the district court addressed this exact point and found "that *Fisher's* pronouncement is not persuasive." *Id.* at *2. Specifically, the district judge in *Campos* noted that the "statement regarding a four-year statute of limitations for product liability actions was not its holding. . . . Thus, whether the statute of limitations was four years (or even one year) was not necessary to the court's denial of summary judgment." *Id. (citing Bender v. Clark Equip. Co.,* 897 P.2d 208 (Nev. 1995), which noted in dicta that a strict liability claim is subject to the two-year statute) As the *Campos* court concluded, "a strict products liability claim falls within Nevada's two-year statute of limitations for personal injury actions" reasoning that "[a] tort, by definition and by its very nature, is a wrongful action." *Campos,* 2009 WL 114193 at *3.

**D.    Because Plaintiff Did Not Disclose His Mirapex-Related Claims In Bankruptcy, He Is Estopped And Lacks Standing**

A separate and independent reason to overrule Plaintiff's Objection is that Plaintiff declared bankruptcy in July 2009 and did not disclose his Mirapex-related claims. *(R & R at 3)* Plaintiff therefore lacks standing and is estopped from pursuing *any* of his claims.

Plaintiff lacks standing because his Mirapex-related claims accrued before he filed his bankruptcy petition, which means the claims belong to the bankruptcy estate, not Plaintiff. See *In re Ozark Restaurant Equip. Co.*, 816 F.2d 1222, 1225 (8th Cir. 1987). Plaintiff is judicially estopped because he represented to the bankruptcy court that he had no contingent claims and received the benefit of that misrepresentation in the form of a

bankruptcy discharge.  He cannot now turn around and claim in this Court that those

claims actually existed and that he should be compensated.  See *Stallings v. Hussman*

*Corp.,* 447 F.3d 1041, 1047 (8th Cir. 2006).

For a complete discussion of bankruptcy-related issues, Defendants refer the Court

to their motion for summary judgment.  *(Dkt. 32, at 6-13)*

### III.    CONCLUSION

Defendants request that this Court overrule Plaintiff's Objection and enter

summary judgment.


DATED:  July 5, 2011                         FAEGRE & BENSON LLP


                                             s/ Joseph M. Price
                                             _____
                                             Joseph M. Price, #88201
                                             2200 Wells Fargo Center
                                             90 South Seventh Street
                                             Minneapolis, MN  55402-4501
                                             (612) 766-7000

                                             Michael K. Brown
                                             Steven J. Boranian
                                             Joshua B. Marker
                                             REED SMITH LLP
                                             355 South Grand Avenue, Suite 2900
                                             Los Angeles, CA  90071-1514

                                             *Counsel for Defendants*
                                             *Pfizer Inc., Pharmacia Corporation, and*
                                             *Pharmacia & Upjohn Company LLC*

NILAN JOHNSON LEWIS P.A.


s/ Scott A. Smith
Scott A. Smith
400 One Financial Plaza
120 South Sixth St.
Minneapolis, MN  55402-4501
(612) 305-7500
ssmith@nilanjohnson.com
tvansteenburgh@nilanjohnson.com

Bruce R. Parker
Jason C. Rose
VENABLE LLP
750 East Pratt Street
Baltimore, Maryland 21202
(410) 244-7400
brparker@venable.com
jcrose@venable.com

*Attorneys for Defendant Boehringer Ingelheim
Pharmaceuticals, Inc.*