# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

IN RE: MIRAPEX PRODUCTS
LIABILITY LITIGATION  MDL File No. 07-1836 (MJD/FLN)

This document relates to:

BRIAN RIDENOUR,

        Plaintiff,

v.  **ORDER**
   Civil File No. 10-1132 (MJD/FLN)

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC., et al.,

        Defendants.

Thomas M. Corea, The Corea Firm, PLLC, Counsel for Plaintiff.

Scott A. Smith, Nilan Johnson Lewis P.A., and Bruce R. Parker, James E. Gray, and Jason C. Rose, Venable LLP, Counsel for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.

Joseph M. Price, Faegre & Benson LLP, and Michael K. Brown, Steven J. Boranian, and Joshua B. Marker, Reed Smith LLP, Counsel for Defendants Pfizer, Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company LLC.

    The above-entitled matter comes before the Court upon the Report and

Recommendation of United States Magistrate Judge Franklin L. Noel filed June 6,

2011.  [Docket No. 106]  Plaintiff filed objections to the Report and Recommendation.

In Plaintiffs' objections to the Report and Recommendation, he argues, for the first time, that longer statute of limitations periods apply to his claims for express and implied warranty, negligence per se, and violations of the Maryland and Nevada consumer protection statutes.  "[E]ven when a magistrate judge is hearing a matter pursuant to his or her limited authority to make a 'recommended disposition,' 'a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review.'"  Madol v. Dan Nelson Automotive Group, 372 F.3d 997, 1000 (8th Cir. 2004) (quoting Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000)).  The "purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court."  Roberts, 222 F.3d at 470 (citation omitted).  Therefore, Plaintiff may not raise these entirely new arguments for the first time in his objections.  The Court further notes that there is no reason to excuse this procedural default in this case.  Even if the Court were to fully consider Plaintiff's new arguments, his claims

would fail because Nevada's two-year statute of limitations applies, and the preclusive effect of the bankruptcy proceeding would also likely bar Plaintiffs' claims.

Pursuant to statute, the Court has conducted a <u>de novo</u> review upon the record of the portion of the Magistrate Judge's disposition to which specific written objection has been made.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Noel filed June 6, 2011, with the following modification: all references to "ECF No. 52" are replaced with "ECF No. 81."

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** Magistrate Judge Franklin L. Noel's Report and Recommendation filed June 6, 2011 [Docket No. 106].

2. Defendants' Motion for Summary Judgment [Docket No. 30] is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 22, 2011                         s/ Michael J. Davis
                                              Michael J. Davis
                                              Chief Judge
                                              United States District Court